Richard M. MILLMAN, Appellant,

v.

**STATE NATIONAL BANK OF MARY-
LAND and Benedict P. Cottone,
Appellees.**

No. 7636.

District of Columbia Court of Appeals.

Argued Jan. 23, 1974.

Decided Aug. 20, 1974.

Harvey B. Bolton, Jr., Washington, D. C., for appellant.

Stanley B. Frosh, Washington, D. C., was on the brief for appellee State National Bank of Maryland.

Eugene F. Mullin, Washington, D. C., for appellee Cottone.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

Plaintiff (hereafter bank) sued Millman (hereafter maker) and Cottone (hereafter payee) on a promissory note dated April 3, 1970, in the sum of $2,500, payable to Benedict P. Cottone one year after date at 8 percent per annum. The note arose out of a settlement of a lawsuit in the United States District Court for the District of Columbia [1] wherein the payee had sued the maker on a partnership settlement agreement. Based on this settlement the lawsuit in the District Court was dismissed on April 3, 1970. The payee endorsed and delivered the note to the bank either as partial payment or as collateral for an outstanding loan.[2] When the note became due the maker refused to pay it, claiming that his liability was conditional, the note being a part of a partnership settlement with the payee, and that the settlement agreement had been breached by the payee.

The payee admitted the validity of the note and that he endorsed it to the bank for value. He cross-claimed against the maker for the amount of any judgment that might be rendered for the bank against him.

The maker cross-claimed against the payee for breaching the contract of dissolution of their partnership claiming the breach thereby rendered "the note void for failure of consideration". He asked for indemnification from the payee for any judgment rendered against him and for damages of $35,000. He also filed a third party complaint, which, like the cross-claim, is not pertinent to our consideration, as it was not subject to the motions for summary judgment.

While the present action was pending in the Superior Court, the payee moved in the District Court to reinstate the dismissed partnership action and to issue a protective order to enjoin the maker from denying liability on the note in the Superior Court. The bank was not a party to that suit. The motion alleged that the note in question was part of an agreement settling a suit in that court regarding the partnership affairs of Millman and Cottone. Our record does not reflect the District Court's reasoning in reopening that case. However, the ensuing report of the special master, which the District Court adopted, found that, in view of 28 U.S.C. § 2283 (1970), which limits federal court interference with state court proceedings, there was no basis for the District Court to interfere with the proceedings in the Superior Court and observed: "That court has jurisdiction to rule upon the parties' contentions contained in the cross-claims filed there by Millman pertaining to alleged breaches of the settlement agreement." Although the special master stated that the note was not conditioned upon performance under any agreement, his statement was not in any way necessary to the disposition reached. That proceeding did not purport to resolve the claim that was before the Superior Court which, the special master recognized, had jurisdiction to determine those issues.

The bank moved in Superior Court for summary judgment, attaching an affidavit of its executive vice-president stating that the note was received by it for value, in good faith and without notice of any defense or claim on the part of any other person and that the note was applied to the reduction of a loan owed by the endorser

---

1. C.A. No. 3110–69.

2. It is not clear for which purpose the bank accepted the note. Whichever was the case, our decision is not affected thereby, as will be seen.

(the payee). It alleged further that the question of whether the note was conditional and whether the bank was a holder in due course was litigated in the aforementioned suit in the District Court and that accordingly there was no longer a genuine issue as to whether the bank was a holder in due course. The payee also moved for summary judgment against the maker on his cross-claim asserting that the decision in the District Court action established that the note was not conditional.

The maker opposed the motions for summary judgment, claiming there were genuine issues of fact to be resolved.

The court, accepting the "binding effect" of the District Court disposition, granted in part the payee's motion for summary judgment against the maker, holding that the maker was "estopped from challenging the validity of the promissory note or raising any defenses to it . . . . ."

The court also granted summary judgment to the bank against the payee, as endorser of the note.

■ We hold that it was error for the trial court to give conclusive effect to the factual findings recited in the report of the special master, since those findings were not necessary to the District Court's dismissal on jurisdictional grounds. Restatement of Judgments ¶ 68(o), (p) (1942); Moore's Federal Practice ¶ 0.443[5] (1965). However, the granting of summary judgment to the bank against the maker (and of course against the payee) is upheld on independent grounds.

■ An examination of the record shows that the note itself was negotiable on its face, containing nothing to indicate that it was, in any way, conditional or subject to defenses. The bank, in its affidavit, alleged facts sufficient for a finding that it was a holder in due course within the meaning of D.C.Code 1973, § 28:3–302. As a holder in due course the bank would take the note free of the maker's defenses asserted against the payee. D.C. Code 1973, § 28:3–305.

■ None of the claims made by the maker, in his opposition to the bank's motion for summary judgment, are legally sufficient to raise a factual issue as to whether the bank was a holder in due course. This being so, there were no issues of fact to be resolved, and disposition by summary judgment was proper. His assertion that the bank received knowledge that the note was conditional and subject to a defense is without merit on its face. It is not claimed that the vice-chairman of the board at the bank, who allegedly had knowledge thereof, had anything to do whatever with the bank's accepting the note. Indeed it is not claimed that he had knowledge that such a transaction took place. The knowledge he acquired of the partnership difficulties and the settlement between the maker and payee was acquired in his individual capacity as a private accountant and not as an official or employee of the bank and therefore was not imputable to the bank. McHugh v. Duane, D.C. Mun.App., 53 A.2d 282, 285 (1947).

■ As to the maker's claim that the bank did not take for value since it allegedly took the note from payee only as security for a loan, we find that this claim, too, is ineffectual to create an issue with respect to the bank's status as a holder in due course. Whether the bank took the note in payment of an outstanding loan, as it claims in its affidavit, or whether it took the note as collateral for the issuance of a loan, as the maker claims, the result is the same. A holder who takes a negotiable instrument as collateral for a loan takes for value within D.C.Code 1973, § 28:3–303(a) and may thereby be a holder in due course. Bender's U. C. C. Service, Hart & Willier, Commercial Paper § 11.03[3] (1973). *See also* Colozzi v. Bevko, Inc., 17 N.J. 194, 110 A.2d 545, 552–553 (1955). The trial court's order granting summary judgment to the bank against the maker is therefore affirmed.

The court's order also is affirmed insofar as it granted judgment to the bank against the payee as endorser of the note. This result follows, whether the law of the District of Columbia or Maryland, regarding endorsements, is applied.[3]

The trial court's "partial" grant of summary judgment to the payee, on his cross-claim against the maker, is reversed, since, as we have said *supra,* the District Court ruling is not dispositive of the issues presented by the facts of this case. The maker is entitled to assert his defenses to the note, such as failure of consideration, against the payee.[4] On that question genuine issues of material fact remain to be resolved.

So ordered.

3. D.C.Code 1973, § 28:3–414(1); Annot.Code Md. Art. 95B, § 3–414(1).

4. D.C.Code 1973, § 28:3–306; D.C.Code 1973, § 28:3–119.